CITY OF MAGNOLIA *v.* KENDRICK.

5-1309                                    304 S. W. 2d 945

Opinion delivered June 17, 1957.

[Rehearing denied Sept. 30, 1957]

*William I. Prewitt* and *Joe D. Woodard,* for appellant.

*Henry B. Whitley,* for appellee.

SAM ROBINSON, Associate Justice.   In 1951, the appellee, J. W. Kendrick, was City Clerk of the City of Magnolia, and, as such, he was ex-officio Clerk of the Municipal Court.   The City Council fixed his salary as Clerk of the Municipal Court as $1,800.00 per year; by agreement, the city paid one-half of the salary and the County one-half.   Kendrick contends that he should have been paid a salary of $2,400.00 per year as Clerk of the Municipal Court.   He filed suits against the county and the city for the difference between the $1,800.00 per year and $2,400.00.   The cases were consolidated; demurrers to the complaints were overruled; the defendants elected to stand on the demurrers and refused to plead further. Judgment was rendered on the complaints and the county and city have appealed.

Prior to 1951, Ark. Stats. § 22-713 provided: ''The Judge of the Municipal Court may appoint a Clerk for the court who shall be designated and known as the Municipal Court Clerk, and the salary of such clerk shall be $1,800.00 per annum, payable in equal monthly installments.   *   *   *; Provided, the city council of any city subject to this act may fix the salary of the Municipal Court Clerk at any sum not exceeding eighteen hundred dollars ($1,800.00) per annum, and may designate that the duties of such clerk be performed by any other officer of the city.''   The General Assembly of 1951 adopted Act 280, which amended the above statute by providing that the salary should be $2,400.00 per year, but that the city council could fix the salary at ''any sum'' not exceeding $3,000.00 per year.   The 1953 General Assembly, by Act 313, amended the statute by adding the provision, ''in county-seat towns with less than 2,400 population, the City Council may fix the salary of the clerk at any sum

not to exceed eighteen hundred dollars ($1,800) per annum."

Appellee maintains that the 1951 amendment fixed the salary at $2,400.00 per year and that the city has no authority to pay less than that amount. We do not agree with the appellee in that respect. The 1951 amendment merely fixes the salary at $2,400.00 in the event the city does not elect to pay some other sum not exceeding $3,000.00 per year. The amendment clearly states: " * * * Provided, the city council of any city subject to this Act may fix the salary of the Municipal Court Clerk at any sum not exceeding three thousand dollars ($3,000.00) per annum, and may designate that the duties of such clerk may be performed by any other officer of the city." Obviously, it was the intention of the General Assembly to permit the city to assign the duties of the Clerk of the Municipal Court to some officer of the city who was already drawing a salary from the city. The act permits the city to pay such officer an additional sum not exceeding $3,000.00, but considered as commensurate with the work that he would do as Clerk of the Municipal Court, which, as a matter of fact, might require very little of his time. To hold that the city could not pay an amount less than $2,400.00 as salary to one serving as Clerk of the Municipal Court would be to read out of the act the words: "any sum not exceeding three thousand dollars ($3,000.00) per annum."

The 1953 amendment is not applicable; the City of Magnolia is not within the classification of cities affected by that amendment.

Reversed, with directions to sustain the demurrer.